FILED
2/13/2026 12:58 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Rosa Lynn Aguilera-Rodriguez
Bexar County - 37th District Court

CIT CML/SAC 2

## CAUSE NO. **2026CI03430**

| | | |
|---|---|---|
| **ROBERT TATE** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **___ JUDICIAL DISTIRCT** |
| | § | |
| **WATERFLEET, LLC** | § | **OF BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ROBERT TATE** (hereinafter referred to as "Tate" or "Plaintiff") and files this, his Original Petition against Defendant **WATERFLEET, LLC** ("Waterfleet" or "Defendant"). Mr. Tate alleges violations of the Texas Labor Code due to Waterfleet discriminating against him based on his age and Defendant's perception that he was disabled. Tate further alleges that he was retaliated against for opposing age discrimination. Tate also alleges that Defendant interfered with his rights under the Family and Medical Leave Act and retaliated him for opposing improper practices under the Fair Labor Standards Act.

## I.
## PARTIES

1.      Plaintiff **ROBERT TATE**, is a resident of New Braunfels, Comal County, Texas.

2.      Defendant **WATERFLEET, LLC** is a Texas LLC. It may be served with process by the clerk of the court by certified mail, return receipt requested by serving its registered agent for service of process: Corporation Service Company

1

d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.
## DISCOVERY CONTROL PLAN AND DAMAGES

3.      Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000, and non-monetary relief. *Tex. R. Civ. P* 47 (C)(4). Plaintiff's damages are within the jurisdictional limits of the Court as of the time of filing of suit.

## III.
## MISNOMER / MISIDENTIFICATION

4.      If any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter "egos of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice.

## IV.
## VENUE

5.      Venue of this lawsuit is proper in Bexar County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) in that all or a substantial part of

2

events or omissions giving rise to this cause of action occurred in Bexar County, Texas.

## V.
## FACTS

6.    Defendant Waterfleet provides mobile water and wastewater utility services. Plaintiff Tate was hired as the manager of Technical Training on November 10, 2023.

7.    Tate was responsible for delivering training programs, OSHA, EPA, and industry standards compliance, collaborating with HR, and managing training budgets among other tasks.

8.    In March 2024, Tate notified Brad Murdock, the COO, that he would need medical leave for a surgery due to severe osteoarthritis.

9.    Tate had been diagnosed with osteoarthritis in 2016. The condition progressed and he required a total right knee replacement.  Following the surgery he would need 4-6 weeks to recover.

10.    Murdock told Tate that there was not an optimal time for him to leave for surgery, but that if it was scheduled after field operations had been winterized with heat treatment there would be minimal disruption.

11.    In June 2024, Tate was moved to the Human Resources Department.

12.    In August of 2024, Tate reminded Lindsay Van Cleave and Andrea Bone in the HR Department that he was going to have a surgery.

13.    On or about September 2024, Tate told the company that they were violating the law by selectively laying off older employees and replacing them with younger ones.

14.    Tate also made complaints to Defendant that Defendant was misclassifying employees as independent contractors.  Tate saw that Defendant would maintain control over these individuals' working hours and how they performed their jobs, treating them as employees but paying them as independent contractors.

15.    On October 1, 2024, Tate's doctor informed Tate that he would need a full knee replacement surgery due to the pain and mobility limitations he had.  The surgery was scheduled for November 14, 2024.

16.    Tate notified Waterfleet that he was going to apply for FMLA benefits because he had an upcoming surgery.  Tate submitted disability claim forms to Waterfleet on or about October 2, 2024.

17.    On October 2, 2024, Tate received a Notice of Eligibility Rights under the FMLA from Andrea Bone with Waterfleet Human Resources.  This informed him that he was eligible for FMLA.

18.    Tate was approached by Matthew Herschel, the Director of Human Resources regarding informing the former CEO of Waterfleet, Alan Pyle, about

4

Tate's planned FMLA leave. Hershel told Tate that he wanted to talk to Waterfleet's board about why Tate was getting surgery.

19.  Tate was concerned about why Pyle needed to know about his medical condition. Tate spoke with Lindsay Van Cleave and Andrea Bone in the Human Resources Department. Tate wanted to know why Pyle was being made aware of Tate's medical situation and request for a leave of absence.

20.  On November 8, 2024, Tate submitted his Certification of Healthcare Provider requesting leave under the FMLA for time off to have a total knee replacement on November 14, 2024.

21.  On November 11, 2024, Tate was terminated.

22.  Tate was told that he was being terminated.

## VI.
## COUNT 1 – AGE DISCRIMINATION IN VIOLATION OF THE TEXAS LABOR CODE AGAINST DEFENDANT WATERFLEET

23.  The evidence will show that Defendant Waterfleet discriminated against Tate based on his age in violation of the Texas Labor Code. Specifically, the evidence will show that:

   a. Plaintiff is a member of a protected class based on age.

   b. Plaintiff was qualified for the position he held with Defendant.

   c. Plaintiff was subject to an adverse employment action. Including, but not limited to - termination)

   d. The adverse action was due to Plaintiff's age.

## VII.
## COUNT 2 –RETALIATION FOR OPPOSING AGE DISCRIMINATION AGAINST DEFENDANT WATERFLEET

24.    The evidence will further show that Plaintiff was subjected to retaliation after reporting age discrimination.  Specifically the evidence will show that:

a. Plaintiff engaged in protected activity; (Plaintiff brought complaints about age discrimination)

b. An adverse employment action occurred; (Including, but not limited to – termination)

c. There is a causal connection between Plaintiff's complaints and the adverse action.

## VIII.
## COUNT 3 - DISCRIMINATION BASED ON PERCEPTION OF DISABILITY UNDER THE TEXAS LABOR CODE AGAINST DEFENDANT WATERFLEET

25.    The evidence will show that:

a. Plaintiff was regarded as disabled due to his need for knee surgery due to osteoarthritis;

b. Plaintiff suffered an adverse employment action in that he was terminated; and

c. The circumstances arising raise an inference of disability discrimination.

## IX.

6

## COUNT 4 - INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

26.    The evidence will show that:

a.  Plaintiff was an eligible employee under the FMLA;

b.  Defendant was subject to the FMLA's requirements;

c.  Plaintiff was entitled to leave under the FMLA;

d.  Plaintiff gave proper notice of his intention to take FMLA leave;

e.  Defendant interfered with, restrained, or denied him the benefits to which he was entitled under the FMLA;

f.  Plaintiff was prejudiced thereby.

## X.
## COURT 5 - RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

27.    Defendant terminated Tate's employment in retaliation for complaining about violations of the Fair Labor Standards Act ("FLSA").  Such a retaliatory termination is itself prohibited by the FLSA, 29 U.S.C. 215(a)(3).

## XI.
## RESPONDEAT SUPERIOR

28.    Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant Waterfleet and were at all times acting in the course and scope of that employment.  Accordingly, Defendant

7

is liable for such conduct under the doctrine of Respondeat Superior.

## XII.
## DAMAGES

29.    Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

    a. Judgment against Defendant for Plaintiff's actual damages, including lost wages, bonuses, salary and benefits (both back pay and front pay), in an amount to be determined by the jury;

    b. Judgment against Defendant for Plaintiff's mental anguish, past and future, compensatory damages and damages to her reputation, past and future, in an amount to be determined by the jury;

    c. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

    d. Attorneys' fees as allowed under the claims set out above under the law;

    e. Costs of suit, including expert's fees and attorney's fees;

    f. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

## XIII.
## ADMINISTRATIVE FILINGS

30.    Plaintiff filed his original verified complaint with the Texas Workforce Commission Civil Rights Division alleging that the Defendant had committed and unlawful employment action against Plaintiff.

8

## XIV.
## ATTORNEY FEES

31.    Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

> (1) Preparation and trial of the claim, in an amount the jury deems reasonable;

> (2) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

> (3) An appeal to the Court of Appeals, in an amount the jury deems reasonable;

> (4) Making or responding to an Application for Writ of Error to the Texas Supreme Court, and attorneys' fees if application for Writ of Error is granted, in an amount the jury deems reasonable; and

> (5) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XV.
## JURY DEMAND

32.    Plaintiff further demands a trial by jury. A jury fee has been tendered.

### PRAYER FOR RELIEF

WHEREFORE, **ROBERT TATE** requests Defendants be cited to appear and answer, and that on final trial, Tate have judgment against Defendant as follows:

> (1) judgment against Defendant for Tate's actual damages, including lost wages and benefits (both front and back pay and/or equitable

9

relief to include reinstatement, if feasible);

(2) judgment against Defendant for compensatory damages in the maximum amount allowed by law;

(3) pre-judgment and post-judgment interest at the maximum allowed by law;

(4) costs of suit, including attorneys' fees; and

(5) such other and further relief, both at law and in equity, to which Tate may be justly entitled.

10

Respectfully Submitted,

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road,
Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880

BY: */s/ Alan Braun*
ADAM PONCIO
STATE BAR NO. 16109800
aponcio@ponciolaw.com
ALAN BRAUN
STATE BAR NO. 24054488
abraun@ponciolaw.com
ATTORNEYS FOR PLAINTIFF

11

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Debra Garcia on behalf of Alan Braun
Bar No. 24054488
debrag@ponciolaw.com
Envelope ID: 111239626
Filing Code Description: Petition
Filing Description:
Status as of 2/13/2026 2:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alan Braun | | abraun@ponciolaw.com | 2/13/2026 12:58:42 PM | SENT |
| Debra Garcia | | debrag@ponciolaw.com | 2/13/2026 12:58:42 PM | SENT |
| Adam Poncio | | aponcio@ponciolaw.com | 2/13/2026 12:58:42 PM | SENT |
| Anna Garcia | | agarcia@ponciolaw.com | 2/13/2026 12:58:42 PM | SENT |
| Magoli Garcia | | mgarcia@ponciolaw.com | 2/13/2026 12:58:42 PM | SENT |