FILED
3/30/2026 2:36 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Donna Valdez
Bexar County - 37th District Court

CAUSE NO. 2026CI03430

| | |
|---|---|
| ROBERT TATE, | IN THE DISTRICT COURT |
| Plaintiff, | |
| v. | OF BEXAR COUNTY, TEXAS |
| WATERFLEET, LLC, | |
| Defendant. | 37TH JUDICIAL DISTRICT |

## DEFENDANT WATERFLEET, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant WATERFLEET, LLC ("WaterFleet" or "Defendant") files its Original Answer and Affirmative Defenses to Plaintiff Robert Tate's ("Plaintiff") Original Petition ("Petition"), and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

Subject to such stipulations and admissions as may be made hereafter, Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations that he has made against Defendant.

## II.
## AFFIRMATIVE DEFENSES

By way of further answer, Defendant sets forth the following affirmative defenses:

1. The Petition fails to state a claim upon which relief may be granted.

2. Plaintiff's claims for money damages, lost wages, monies owed, and costs of court and other monetary relief may be barred or limited by the after-acquired evidence doctrine.

3. The acts or omissions of Defendant were taken in good faith and in reasonable belief that such acts or omissions were in compliance with applicable laws, thereby precluding any and all claims for exemplary or damages.

**DEFENDANT WATERFLEET, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION – PAGE 1**

**EXHIBIT 5**

4.      Plaintiff's claims may be barred, in whole or in part, by applicable statute(s) of limitation or other time bars.

5.      Plaintiff's alleged damages may be limited or barred because he failed to mitigate his alleged damages.

6.      Defendant specifically pleads and incorporates herein by reference as an affirmative defense, all applicable caps, and limitations upon an award of damages, both compensatory and exemplary, that may be available under any applicable statue.

7.      To the extent Plaintiff suffered from mental injury or emotional distress, these resulted from pre-existing psychological conditions, disorders, or alternative concurrent causes, and were not the result of acts or omissions by Defendant.

8.      Plaintiff brings these claims with unclean hands.

9.      Lack of subject matter jurisdiction.

10.     Lack of personal jurisdiction.

11.     After acquired evidence.

12.     Defendant had a legitimate non-discriminatory and non-retaliatory reason for Plaintiff's end of her employment with the Company.

13.     Lack of good faith by Plaintiff.

14.     No causation.

15.     Stated reason for finality of employment or adverse employment action was legitimate, non-discriminatory and non-retaliatory.

16.     Defendant acted at all times relevant to this action, in good faith with proper care and never with negligence.

17.     Defendant never acted willfully or recklessly.

18.     Plaintiff is not entitled to the relief requested in the Petition.

**DEFENDANT WATERFLEET, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION – PAGE 2**

19.     No causal relationship exists between Plaintiff's alleged damages and the actions or inactions of the Defendant.

20.     Any Plaintiff claim for exemplary damages is barred.

21.     There is no causal link between the employee's protected activity (e.g., filing a wage complaint) and the adverse employment action.

22.     The employer acted in good faith, believing their actions were lawful and in compliance with the FLSA.

23.     The employee did not actually engage in activity protected by the FLSA .

24.     The employer's conduct did not constitute an adverse employment action as defined under the FLSA.

25.     Defendant reserves the right to amend its affirmative defenses at a later time as discovery proceedings in this case develop.

### III.
### AUTHENTICATION

Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby serves notice that a Plaintiff and/or a Co-Defendant's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

### IV.
### DESIGNATED E-SERVICE MAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): **efiling@meaderslaw.com**.  This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant WATERFLEET, LLC prays that, upon final hearing of this cause, the Court enters judgment that Plaintiff takes nothing of and from Defendant, assesses costs and attorneys' fees against Plaintiff, and awards Defendant all other and further relief, both general and special, legal, or equitable, to which Defendant may be justly entitled.

Respectfully Submitted,

**SONIA B. ALFARO**
State Bar No. 24086849
**MEADERS & ALFARO**
1330 Post Oak Blvd., Suite 801
Houston, Texas 77056
Tel:     713-403-3125
Fax:    855-602-8224
*Eservice: efiling@meaderslaw.com*
Email: salfaro@meaderslaw.com

**ATTORNEYS FOR DEFENDANT,
WATERFLEET, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon Plaintiff's counsel on March 30, 2026, *via* electronic service in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Adam Poncio
Alan Braun
PONCIO LAW OFFICES
5410 Fredericksburg Rd., Suite 109
San Antonio, TX 78229-3550
Email: aponcio@ponciolaw.com
        abraun@ponciolaw.com
*Attorneys for Plaintiff*

_____
**SONIA B. ALFARO**